# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM M FRANKS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>　　　　Respondent. | Case No. 1:20-cv-00136-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONER LEAVE TO CONVERT PETITION TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, the undersigned recommends that Petitioner be granted leave to convert his petition for writ of habeas corpus to a civil rights action under 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See McFarland v. Scott, 512 U.S. 849, 856 (1994).

1

**A. Federal Habeas Corpus Jurisdiction**

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In the instant petition, Petitioner challenges the state court's denial of his motion for DNA testing on the grounds that the state court conducted the hearing on the motion without Petitioner present and that Petitioner was represented by an attorney who had a conflict of interest. (ECF No. 1 at 5, 7, 26–27).[1] Success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement. See Skinner, 562 U.S. at 534 ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction. While test results might prove exculpatory, that outcome is hardly inevitable[.]"). As Petitioner's claims do not fall within "the core of habeas corpus," Preiser, 411 U.S. at 487, they must be brought under 42 U.S.C. § 1983, Nettles, 830 F.3d at 931. Accordingly, Petitioner has failed to state a cognizable claim for federal habeas corpus relief.

**B. Conversion to § 1983 Civil Rights Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to submit a civil rights complaint form that names the proper defendants, seeks appropriate relief, and is signed under penalty of perjury.[2] The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1). Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Petitioner be granted leave to convert his petition for writ of habeas corpus to a civil rights action under 42 U.S.C. § 1983.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28

---

[2] The Court notes that Petitioner did not sign his petition for writ of habeas corpus.

3

U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 10, 2020**  /s/ *Eric P. Gross*
UNITED STATES MAGISTRATE JUDGE