UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM M. FRANKS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>　　　　　Respondent. | No. 1:20-cv-00136-NONE-EPG-HC<br><br>ORDER DISMISSING HABEAS ACTION, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

　　　　On January 27, 2020, petitioner filed a federal habeas petition challenging the state court's denial of his motion for DNA testing. (Doc. No. 1.) On April 2, 2020, the court granted petitioner sixty days in which to assert claims under 42 U.S.C. § 1983. (Doc. No. 7.) To date, no § 1983 complaint has been filed, and the time for doing so has passed. Accordingly, the court will dismiss the instant habeas action without prejudice to petitioner refiling his claims in a new § 1983 action.

　　　　Having previously found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The instant habeas action is DISMISSED without prejudice to petitioner refiling his claims in a new § 1983 action;
2. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 15, 2020**                               /s/ Dale A. Drozd
                                                         UNITED STATES DISTRICT JUDGE